PATRICK DEVINE, APPELLANT, *v.* THE TARRYTOWN & IRVINGTON UNION GASLIGHT COMPANY, RESPONDENT.

*Master and servant—when a superintendent is to be regarded as the alter ego of a corporation—what shows him to be an unskillful and improper person to be so employed.*

One Hogan, who acted as the superintendent of the defendant, a gas company, caused a trench to be dug in a street to expose a gas-pipe therein, in order that it might be examined and repaired. The trench having, by mistake, been dug about two and a half feet south of the pipe, Hogan, in order to avoid opening a new trench, ordered the men to undermine the earth north from the trench to the pipe, and to throw the dirt removed upon the top of the earth which covered the excavation over the pipe. The overhanging bank having fallen in and injured the plaintiff, an employee of the defendant, while he was engaged in examining the pipe, he brought this action to recover the damages occasioned thereby.

*Held,* that the questions whether or not Hogan was, as to the act in question, to be regarded as the *alter ego* of the company, and whether or not the evidence showed him to be an unskillful and improper person to be employed as a superintendent, should have been left to the jury, and that it was error to direct a nonsuit.

MOTION for a new trial on a case and exceptions ordered to be heard in the first instance at the General Term, after a nonsuit ordered at the Circuit.

Upon the trial evidence was given tending to show that in June, 1877, the gas-pipes of the defendant being in bad condition all along the line, they employed about a dozen men to open a trench down to the main pipe, for the purpose of exposing the

same to view and examination. This gang of men were under the control, supervision, and direction, in doing this work, of one John Hogan, who was the foreman or superintendent of the defendant in this work. He hired the men, and directed and controlled them, but the defendant paid them.

It was the plaintiff's duty, as directed by Hogan, to follow in the trench, examine the pipe, and stop the leaks. The superintendent, Hogan, designated the spot or line for the men to dig over the pipe. On that day he made a mistake and missed the pipe at a point in the village of Dobbs' Ferry, Westchester county; he then directed the men to undermine the side of the trench under the road until they should reach the pipe, which was done in his presence and under his direction, to the extent of nearly three feet, leaving a crust or shell over the pipe, upon which was thrown the dirt from the trench and excavation. The plaintiff, who was nearly all the while in a stooping position examining the pipe, had come to the point in the trench where it was undermined, and was stooping over the pipe with his leg in the excavation when the crust gave way, and the whole mass of earth was precipitated upon him, and broke his leg. The trench was about four feet deep, and two and a half feet in width, exclusive of the undermining, which extended nearly three feet under the side or bank of the trench proper.

*Brown & Dykman*, for the appellant.

*C. Frost*, for the respondent.

Barnard, P. J.:

Plaintiff sought by his proof to establish a liability against the company, defendant, upon two grounds.

First, because Hogan was the company itself in respect to the act out of which the action resulted; and, second, because Hogan was unskillful, and not a proper overseer.

As the case stood at the close of the plaintiff's evidence, when a nonsuit was ordered, the plaintiff was entitled to go to the jury upon both grounds. It was proven that the work was done under Hogan's direction; that he was superintendent of defendant; that

he dug a trench so as to expose a gas-pipe; that he missed the pipe and went some two and a half feet south of it; that to avoid opening a breach directly over the pipe Hogan directed the men to excavate north from the trench to the pipe, so as to expose it, and to throw the dirt upon the top of the bank over the pipe. The overhanging bank was weakened of its support from below and was loaded with the weight of the dirt taken out. In this state the plaintiff, whose business it was to examine the pipes, was, while under this overhanging board making such examination, overwhelmed by the falling bank and greatly injured. Under this proof Hogan was the defendant. (*Corcoran* v. *Holbrook*, 59 N. Y., 517.)

It was for the jury to say if the work was negligently done. It seems plain that it was. It was for the jury to say if Hogan was a skillful overseer. All evidence tending to show want of skill was excluded, except the fact of the manner of digging the trench. The jury might have found on that alone that Hogan was wanting in skill. It was not a matter of law, that plaintiff knew of the danger. The jury might have so found; but they might have found him justified in trusting to the skill of the overseer.

Judgment reversed and new trial granted, costs to abide event.

Gilbert, J., concurred.

Present—Barnard, P. J., Gilbert and Dykman, JJ.

Judgment reversed and new trial granted, costs to abide event.